IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DALE LESTER WEAVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00152-WS-N |
| | ) | |
| TONY PATTERSON, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

This matter is before the Court on petitioners habeas petition (doc. 1) and respondent's answer (doc. 5 ) filed June 3, 2011 wherein respondent contends that petitioner's habeas corpus petition, filed on March 29, 2011 (doc. 1 ) pursuant to 28 U.S.C. § 2254, is due to be denied and dismissed as time barred under 28 U.S.C. § 2244(d). The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2254 petition (doc. 1), respondent's opposition thereto (doc. 5), petitioner's response (doc. 7), and all other pertinent portions of the record, it is the recommendation of the undersigned that the § 2254 petition be **DENIED**.

I.   PROCEDURAL HISTORY.

The record before the Court in this action reflects that on November 6, 1980, petitioner pleaded guilty of receiving stolen property in the second degree.[1] Weaver was

---

[1] Although the case action summary states that Weaver pleaded guilty to theft of property in the second degree, this was a clerical error that the Court later ordered corrected to reflect that Weaver actually pleaded guilty to receiving stolen property in the second degree. (Docs 5-1 at 2 and 5-2 at 2).

sentenced to five years' imprisonment, and ordered to serve three months of that sentence in the county jail with the balance suspended for five years pending Weaver's good behavior. (Doc. 5-1 at 2). Weaver did not appeal his conviction or sentence.[2] (*Id*.).

In 1997, Weaver asserts that he was convicted of murder and that the receiving stolen property conviction in 1980 "was used to enhance his 1997 conviction for Murder to a mandatory prison term of life without parole." (Doc. 7 at 2). According to Weaver, "[a]t sentencing on the murder case, Weaver was told that if he could prove that anyone of the three prior convictions used to enhance his current conviction was illegally obtained, that the life without parole sentence would be reduced to a life sentence." (*Id*.).

Consequently, on October 19, 1998, Weaver filed his first post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 Petition") in the Mobile County Circuit Court challenging his 1980 conviction for receiving stolen property. (Doc. 5-2 at 1). Weaver alleged that the court lacked jurisdiction to accept his guilty plea to Theft of property in the second degree because this offense is not a lesser included offense of the crime for which he was indicted, namely receiving stolen property. (*Id*. and Doc. 5-3 at 1).[3] The circuit court denied Weaver's Rule 32 Petition on

---

[2] Weaver explains his failure to appeal, in part, as follows:

> It was of no consequence in 1980 whether Weaver was sentenced illegally or not to the theft of property charge. But in 1997 it did become consequential to him when that conviction was used to enhance his 1997 conviction for Murder to a mandatory prison term of life without parole."

(Doc. 7 at 2).

[3] Under Alabama law, a defendant cannot be allowed to plead guilty to receiving stolen property in the second degree if the indictment charged him only with first degree theft because "receiving stolen property in the second degree is not a lesser-included offense of first-degree theft." Edmond v. Alabama, 954 So.2d 608, 610 (Ala. Cr. App. 2006).

the grounds that "all documents except case action summary shows defendant was charged with, pled guilty to and convicted of receiving stolen property second." (Doc. 5-2 at 2; Doc. 5-3 at 1). Weaver appealed the denial to the Alabama Court of Criminal Appeals and, on July 9, 1999, the appellate court affirmed the denial in an unpublished opinion. (Doc. 5-3). The appellate court issued a certificate of judgment in the case on August 17, 1999. (Doc. 5-2 at 2).

On August 6, 1999, Weaver filed a second Rule 32 Petition challenging the same conviction of receiving stolen property in the second degree. (Doc. 5-4 at 1). The circuit court denied the petition and Weaver appealed that denial. (*Id*. at 1-2). On February 8, 2000, the Alabama Court of Criminal Appeals dismissed the appeal for Weaver's failure to prosecute the appeal. (Doc. 5-5). On September 21, 2005, Weaver filed his third Rule 32 Petition. (Doc. 5-6 at 1). Weaver filed a fourth Rule 32 Petition on May 19, 2009. (Doc. 5-8 at 1). Both the third and the fourth petitions were denied by the circuit court and the Alabama Court of Criminal Appeals affirmed the lower court in both instances. (Doc. 5-6 at 2; Doc. 5-7; Doc. 5-8 at 2; Doc. 5-9).

On March 29, 2011, Weaver filed the instant federal habeas petition under 28 U.S.C. § 2254 alleging in sum that he "was sentenced to a charge [he] was not indicted for." (Doc. 1 at 7, 14). Specifically, Weaver alleges that "[he] was indicted for buying and *receiving stolen property* in 1980, but through an illegal amendment the charge was changed to second degree theft of property." (*Id*., emphasis added). As stated previously, the record indicates that Weaver pled guilty on November 6, 1980, to receiving stolen property in the second degree. (Docs 5-1 at 2 and 5-2 at 2). The only "amendment" made to the record, involved the correction of a clerical error whereby the

3

incorrect designation of the crime as "theft of property in the second degree" was corrected to reflect that Weaver actually pleaded guilty to receiving stolen property in the second degree. (*Id*.) The record confirms that Weaver had been indicted on September 15, 1980, "for receiving stolen property" (doc. 5-9 at 4), the very crime for which he pled guilty.

The respondent argues that the statute of limitations period expired for Weaver on April 24, 1997, and Weaver's § 2254 petition is, therefore, untimely and should be dismissed. Weaver argues that his petition is not time barred because in his case "the allegedly invalid prior conviction was used to enhance his current conviction." Doc. 7 at 5, *citing* Maleng v. Cook, 490 U.S. 488, 491-92 (1989). Weaver is, however, only challenging his 1980 conviction inasmuch as he has proffered no evidence concerning the course of proceedings surrounding his 1997 murder conviction and sentence except a copy of what purports to be a "Notice to Proceed Under the Habitual Felony Offender Statute" which was filed on May 23, 1997 in a case entitled *Alabama v. Dale Lester Weaver*, Case No. CC97-1202 CNG, in the Circuit Court of Mobile County, Alabama. (Doc. 7 at 16).[4]

---

[4] Weaver does not advise the Court of any dates regarding his conviction and sentence for murder or whether he even appealed that conviction and sentence for murder. Consequently, there exists no basis for this Court to conclude that Weaver has exhausted his available state remedies concerning a challenge to the 1997 murder conviction, a prerequisite to federal habeas relief, or that such a habeas petition would be timely under 28 U.S.C. § 2244(d)(1).

II.     ANALYSIS.

A.     Statute of Limitations.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for State post-conviction review or other collateral review of the conviction is pending "shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In addition, if the petitioner, on direct appeal, files a petition for a writ of certiorari in the Alabama Supreme Court, he is entitled to an additional tolling of 90 days, the time to file a writ of certiorari with the United States Supreme Court. *See* Coleman v. Davenport, 2009 WL 3857437, 4 (M.D. Ala. Nov. 17, 2009)("[A] petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety days of the action undertaken by the aforementioned state court."); Dobbins v. McNeil, 2009 WL 1635210, *1 (N.D. Fla. June 10, 2009)("Petitioner's conviction became final [] when the time to file a petition for writ of certiorari expired); Wyche v. Frazier, 2009 WL 111656, *2 (N.D. Ga. Jan. 14, 2009)(Petitioner's convictions became final [] when his time to seek a writ of certiorari in the United States Supreme Court expired, 90 days after the Georgia Supreme Court [] denied his petition for certiorari")(*citing*, Sup.Ct. R. 13, 30; Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003).

5

Weaver does not contest the fact that he voluntarily chose not to appeal the 1980 receiving stolen property conviction he now challenges as being invalid and improperly used to enhance his 1997 conviction for murder.[5]  The 1980 thus became final forty-two days after his sentenced was imposed on November 6, 1980, specifically on or about December 18, 1980.  *See* Ala.R.App.P. 4(b)(1) (notice of appeal to be filed within forty-two days after pronouncement of sentence).  Because his conviction became final before the  April 24, 1996, effective date  of AEDPA, Weaver was given a one year "grace period" within which to file a § 2254 petition.   Moore v. Campbell, 344 F.3d 1313, 1319 (11th Cir. 2003).  Consequently, Weaver should have filed any § 2254 petition challenging the 1980 conviction on or before April 24, 1997.  *Id*.  Instead, Weaver filed the petition on March 29, 2011, more than thirteen years after the limitations period expired as to the 1980 conviction.

Although the one-year limitations period is tolled under 28 U.S.C. § 2244(d)(2) during the time that a "properly filed" state post-conviction petition is pending, Weaver does not benefit from this tolling provision because he did not file his first Rule 32 post-conviction petition until October 19, 1998. (Doc. 5-2 at 1).  "While a 'properly filed' application for post conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."  Moore v. Crosby , 321 F.3d 1377, 1381 (11th Cir. 2003).  *See also*, Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("A state court filing after the federal habeas filing deadline does not revive it.").

---

[5] *See*, n. 2, *supra*.

In addition, the doctrine of equitable tolling, even if it had been asserted by h Weaver, would not save this petition from the limitations' bar because Weaver does not contend that circumstances beyond his control prevented him from timely filing this § 2254 petition. The Supreme Court has made it clear that:

> [A] "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2562 (2010). The Supreme Court also emphasized that "a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." 130 S.Ct. at 2564. *See also* Hutchinson v. Florida, 2012 WL 1345599, *2-3 (11th Cir. Apr. 19, 2012)(discussing the Holland edict that excusable neglect does not warrant equitable tolling). It is well established in this Circuit that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See* Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held that, "even if a prisoner shows that 'extraordinary circumstances' occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling." Powe v. Culliver, 205 Fed.Appx. 729, 732 (11th Cir. Sept. 19, 2006), *citing* Helton, 259 F.3d at 1313. *See also* Luda v. Secretary, Florida Dept. of Corrections, 2012 WL 1193548, *1 (11th Cir. Apr. 11, 2012) ("'Equitable tolling is an extraordinary remedy

7

which is typically applied sparingly' [and] petitioner bears the burden of establishing that equitable tolling should apply."); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), *cert. denied*, 535 U.S. 1080 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

It is unclear whether the Eleventh Circuit recognizes an "actual innocence" exception to the AEDPA's one year statute of limitations. *See* United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his §2255 motion." *See also* Parker v. Boyd, 2010 WL 5252849, 4 n. 4 (S.D. Ala. Nov. 8, 2010)(Unlike the Eighth Circuit, "[t]he Eleventh Circuit has never held that 2244(d)'s limitation period carries an actual innocence exception."),*citing* Scott v. Duffy, 372 Fed. Appx. 61, 64 (11th Cir. 2010) ("Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period."); Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx.

944, 945 (11th Cir. 2007)(" "[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."). Weaver makes no assertion that he is actually innocent. Rather, he states that he was indicted for the crime of "Buying and Receiving Stolen Property" and that he "pleaded guilty" to receiving stolen property in the second degree but that it was recorded by the Court as a plea to "Theft of Property Second Degree." (Doc. 7 at 2). The incorrect designated was, however, a clerical error on Weaver's case summary which was subsequently corrected by the court. (Docs 5-1 at 2 and 5-2 at 2). Consequently, Weaver is not entitled to any exception to the application of AEDPA's one-year statute of limitations. His petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is, therefore, due to be denied unless he can establish that another exception to the limitations' bar is applicable.

      B.      "In Custody" Requirement and the Daniels/Lackawanna exception.

"District courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are 'in custody in violation of the Constitution or laws or treaties of the United States'." 28 U.S.C. § 2241(c)(3); Jackson v. Secretary for Dept. of Corrections, 206 Fed. Appx. 934, 935 (11th Cir. 2006), *citing*, Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). Once a prisoner's sentence has fully expired, he is not "in custody" as required by § 2241, and "the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him 'in custody'." *Id*., *citing*, Maleng v. Cook, 490 U.S. 488, 492 (1989). The Supreme Court explained its rationale as follows:

> Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in Carafas v. LaVallee, [391 U.S. 234, 238 (1968)].

Maleng, 490 U.S. at 492. However, in Maleng, the Supreme Court acknowledged that a prisoner could satisfy the "in custody" requirement for federal habeas jurisdiction if his § 2254 petition could be read as asserting a challenge to a present sentence that was allegedly enhanced by the allegedly invalid prior conviction. *Id.* at 493-94. *See also* Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001) (petitioner found to be "in custody" for § 2254 purposes because he challenged an allegedly invalid expired conviction and sentence as enhancing his current sentence).

Satisfaction of the "in custody" requirement by alleging that the present sentence was enhanced by an invalid expired prior conviction is not, however, the only hurdle that must be overcome in order to challenge a prior conviction which is otherwise precluded from federal habeas review. The Eleventh Circuit explained the principles as follows:

> Even though a prisoner may be "in custody" under these circumstances, the fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction. In Daniels v. United States, 532 U.S. 374, 382, [] (2001), the Supreme Court held that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," a movant's § 2255 motion challenging the prior conviction will fail because the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive. The Court held that a defendant generally is not entitled to collaterally attack his prior conviction through a motion under § 2255 unless he alleges that the conviction was obtained in violation of the right to counsel announced in Gideon v. Wainwright, 372 U.S. 335 (1963). Daniels, 532 U.S. at 382.

10

Jackson, 206 Fed. Appx. at 936.  The Supreme Court, in Lackawanna, extended the holding in Daniels to petitioners challenging expired state sentences under § 2254 and also provided a specific exception by which a prior expired state sentence could be attacked, namely when such prior conviction had been obtained without the benefit of counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963).  Lackawanna, 532 U.S. at 396-97 and 404.  Otherwise, the Supreme Court emphasized that, "[a]s with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies."  Lackawanna, 532 U.S. at 404, *citing* 28 U.S.C. § 2254(b).

The Eleventh Circuit has applied the Daniels/Lackawanna exception but noted that this exception "is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence."  Jackson, 206 Fed. Appx. at 936, *citing* Hubbard v. Haley, 317 F.3d 1245, 1256 n. 20 (11th Cir. 2003) (capital context where petitioner attempted to expand his § 2254 petition to attack an expired conviction serving as the basis for aggravated factor in sentencing order).

Weaver argues that his petition is not time barred because in his case "the allegedly invalid prior conviction was used to enhance his current conviction."  Doc. 7 at 5, *citing* Maleng v. Cook, 490 U.S. 488, 491-92 (1989).  Even if Weaver were actually challenging his 1997 murder conviction in this present petition,[6] he has not taken into consideration the fact that, under the Supreme Court's Daniels/Lackawanna exception, he

---

[6] As stated previously, Weaver has proffered no evidence that he has exhausted his state remedies available with respect to his 1997 murder conviction, either by direct appeal or collateral attack, or that the statute of limitations for federal habeas relief as to the murder conviction has not run.

11

could only challenge a prior expired conviction on the grounds that it was invalid because it was obtained in violation of his right to counsel. Jackson, 206 Fed. Appx. at 936, *citing* Daniels, 532 U.S. at 382.  Weaver does not allege that he was unrepresented by counsel with respect to the challenged prior, fully expired, 1980 conviction.  The record, on the other hand, confirms that he indeed was represented by counsel throughout the 1980 criminal proceedings.  *See* Doc. 5-1 at 1,2).  Consequently, Weaver is not entitled, under the Gideon exception articulated in Daniels and Lackawanna, to attack his prior expired 1980 conviction on the grounds that it was used to enhance his present 1997 sentence.  Consequently, Weaver's § 2254 petition is due to be denied as time barred.

## CERTIFICATE OF APPEALABILITY/ *IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000);  Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in

a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Weaver's petition is clearly time-barred. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Weaver should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*.  An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D .Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").  An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably

13

meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, if is hereby **RECOMMENDED** that Weaver's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and that no Certificate of Appealability should issue and the petitioner should not be permitted to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**DONE** this   19th  day of June, 2012.

>  /s/ Katherine P. Nelson
> KATHERINE P. NELSON
> UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days [7] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 19th day of June, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).